```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROHAN JOHNSON,

                Petitioner,

        -against-                        MEMORANDUM & ORDER
                                         06-CV-2003 (JS)
UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES:

For Petitioner:         Rohan Johnson, pro se
                        C/O QPCF - A-16
                        182-22 150th Avenue
                        Jamaica, New York 11413

For Respondent:         No Appearance
```

SEYBERT, District Judge:

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 on April 25, 2006. It is unclear what exactly Petitioner seeks, but he does challenge his pre-trial detention as unlawful. The three grounds upon which Petitioner bases his challenge are (1) the Government's evidence for the arrest warrant did not establish probable cause, (2) the Government did not move for the competency evaluation, and (3) when evaluated for competency, Petitioner was found to be competent.

The Court dismisses without prejudice Petitioner's habeas corpus petition. First, the Magistrate found probable cause to issue Petitioner's arrest warrant. Second, Petitioner's other two grounds for challenging his detention are meritless. Third, Petitioner did not exhaust his claims because he may still

challenge his pre-trial detention at trial and again on appeal.

(1) <u>The Magistrate Found Probable Cause Existed For The Arrest Warrant.</u>

To the extent that Petitioner seeks release from pre-trial custody, he is not entitled to this because probable cause existed for his arrest. First, Magistrate Judge Arlene R. Lindsay reviewed the affidavit in support of the arrest warrant and found it to be sufficient. See <u>United States v. Johnson</u>, No. 06-CR-0010 (E.D.N.Y. Dec. 8, 2005) (order issuing arrest warrant). Furthermore, for Petitioner to prevail on a claim that he was arrested without probable cause, Petitioner must make a "substantial preliminary showing" that the agent applying for the arrest warrant knowingly and intentionally, or with reckless disregard for the truth, made false statements in his arrest warrant affidavit and that the allegedly false statements were "necessary to the finding of probable cause." <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870 (2d Cir. 1991). Petitioner has only made one conclusory statement as to the alleged lack of probable cause for his arrest warrant. Conclusory statements, without more, are not enough to find an arrest warrant lacked probable cause. See <u>Velardi v. Walsh</u>, 40 F.3d 569, 573 (2d Cir. 1994).

Second, on January 5, 2006, before Magistrate Judge Arlene R. Lindsay, two indictments were handed up by a grand jury and were filed by the court. See <u>United States v. Johnson</u>, No. 06-

CR-0010 (E.D.N.Y. Jan. 5, 2006) (order noting grand jury indictment). Thus, any unlawful detention based upon this ground is without merit.

(2) <u>The Magistrate Noted The Government's Oral Application For Petitioner's Competency Evaluation.</u>

Petitioner's second ground is also meritless. Petitioner claims that the Government did not make any motion - written or oral - as to Petitioner's competency evaluation. Magistrate Judge Michael L. Orenstein, however, stated that the Government applied orally for such evaluation. <u>See</u> <u>United States v. Johnson</u>, No. 06-CR-0010 (E.D.N.Y. Dec. 13, 2005) (order granting Government's request for psychiatric examination and testing of Petitioner). Magistrate Judge Michael L. Orenstein also found reasonable cause to believe Petitioner was suffering from mental disease or disorder. <u>See</u> <u>id.</u>

As for Petitioner's third ground, the fact that Petitioner was ultimately found competent, does not warrant a finding that his current detention is unlawful. Accordingly, Petitioner's last two grounds are rejected.

(3) <u>Petitioner Did Not Exhaust His Remedies.</u>

While Petitioner is free to bring a habeas corpus petition to challenge the pre-trial detention, Petitioner claims in his petition that he is being held unlawfully pursuant to

Magistrate Judge Michael L. Orenstein's Order that subjected him to the competency evaluation.  <u>See</u> <u>id.</u>  Petitioner could have appealed to the district court to review that Order, but he did not.  <u>See</u> 18 U.S.C. § 3145.

On April 13, 2006, this Court determined that Petitioner was a flight risk and continued Petitioner's custody without bail.  <u>See</u> <u>United States v. Johnson</u>, No. 06-CR-0010 (E.D.N.Y. Apr. 13, 2006) (order continuing Petitioner's custody).  Petitioner also did not appeal this Court's order continuing custody of Petitioner without bail, which he had a right to do.  <u>See</u> 18 U.S.C. § 3145.  Even though Petitioner did not exercise those rights to appeal the detention orders, Petitioner must still exhaust any claims at trial and then again on appeal.  <u>See</u> <u>United States ex rel. Scranton v. New York</u>, 532 F.2d 292, 295 (2d Cir. 1976).

Based on the foregoing reasons, the Court dismisses this habeas corpus petition without prejudice as premature.  Petitioner is granted leave to re-file his habeas corpus petition after exhaustion of his claims at trial and on appeal.

                                          SO ORDERED.

                                        <u>/s/ JOANNA SEYBERT</u>
                                        Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            June 6, 2006